**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0226n.06
Filed: March 29, 2005

No. 04-1051

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LILLIAN BULLARD,
    *Plaintiff-Appellant,*

           v.

INKSTER HOUSING AND RE-DEVELOPMENT
COMMISSION, et al.,
    *Defendant-Appellee*.

On Appeal from the
United States District Court for
the Eastern District of Michigan

_____/

Before: BOGGS, Chief Circuit Judge; KENNEDY and MARTIN, Circuit Judges

    **Kennedy, J.** Plaintiff-Appellant Lillian Bullard appeals the district court's grant of summary judgment in the 42 U.S.C. § 1983 action in which she alleged violations of rights resulting from a state-created danger, created by the affirmative acts of the Inkster Housing and Re-Development Commission (IHRC) and its employees. We affirm the judgment of the district court.

**BACKGROUND**

    This appeal stems from a rape and assault that occurred in November of 2000 at the Twin Towers apartment complex in Inkster, Michigan. The Twin Towers complex is a federally subsidized, low-income public housing complex for the elderly. The complex is owned and operated by the IHRC, a state agency.

    In her complaint, Appellant alleged that her assailant, whose identity is unknown, gained entry to her apartment through the use of a building master key that he allegedly procured due to lax policies regarding those keys. She also alleged that the assault occurred because the IHRC did not

replace a chain on her door that was too long and because the IHRC complied with a Housing and Urban Development (HUD) directive to remove her deadbolt lock despite the fact that the IHRC had not properly accounted for all building master keys. Based on these facts, Appellant claimed the IHRC exposed her to a "state-created danger" as described by this circuit in *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003) and in violation of her rights under 42 U.S.C. § 1983. She also alleged several state law claims.

The district court granted summary judgment to Defendants with respect to Appellant's claims, because Plaintiff could not point to any facts or evidence that would indicate that Defendants acted with deliberate indifference:

> Most of Plaintiff's allegations cannot satisfy the "affirmative act" element of a state-created danger claim. Failing to keep accurate records of master keys, failing to implement a policy for disseminating and controlling master keys, permitting unauthorized residents to live at Twin Towers, failing to conduct criminal background checks on residents, and failing to correct or repair security violations or risks are all omissions. Thus, the only two possible affirmative acts are (1) the decision to issue master keys to four residents, and (2) the affirmative removal of all private dead-bolt locks from the apartment units. Even assuming these two acts meet the first element of a state-created danger claim for violation of substantive due process under § 1983, Plaintiff cannot establish that either of these two acts created a "special danger" or that Defendants' conduct would permit a reasonable jury to concluded [sic] that it acted with "deliberate indifference."

Joint App. (JA) at 54-55. The district court declined to exercise supplemental jurisdiction over the remaining state law claims.

This appeal followed. Plaintiff-Appellant does not appeal the district court's holding that her tenancy in this senior citizen facility did not count as a special relationship under *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 197-98, 109 S. Ct. 998, 103, L.Ed.2d 249 (1989). *See Sargi v. Kent Bd. of Educ.*, 70 F.3d 907, 910 (6th Cir. 2003).

**ANALYSIS**

2

A.      Standard of Review

This court reviews a grant of summary judgment *de novo*. *Adams v. City of Auburn Hills*, 336 F.3d 515, 518 (6th Cir. 2003). For the purposes of this appeal, we construe the evidence in the light most favorable to Appellant and draw all reasonable inferences in her favor. *Aiken v. City of Memphis*, 190 F.3d 753, 755 (6th Cir. 1999) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)). We may affirm only if, after viewing the facts of the case in the light most favorable to Appellant, the law would not permit her any recovery. *Aiken*, 190 F.3d at 755.

B.      State-Created Danger Test

Under the "state-created danger" test, a Plaintiff may recover if she proves:

> 1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; 2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and 3) the state knew or should have known that its actions specifically endangered the plaintiff.

*Cartwright*, 336 F.3d at 493 (citing *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998)).

1.      Affirmative Acts

For the purposes of this appeal, Appellant argues that several different affirmative acts establish the first prong of the *Cartwright* state-created danger test. First, Appellant argues that the IHRC's removal of her deadbolt despite its knowledge that it had not properly accounted for all master keys was an affirmative act. JA at 55; Appellant Br. 35. Second, she argues that the IHRC's failure to shorten the chain on her door, permitting unauthorized persons to enter the apartment

building (be they illegal residents or vagrants), and distributing master keys without keeping appropriate records, all constitute affirmative acts. Appellant Br. 35-36.

We agree with the district court that most of these "acts" are more properly classified as omissions. Even if one of the handymen promised to shorten the chain (a promise neither the handymen nor the IHRC had an obligation to keep since, as Appellant admits, the chain was not permitted on the door in the first place[1]), and even if the IHRC and the employee Defendants were aware of some illegal living situations (children of tenants were sometimes illegally residing with parents who were tenants), or that master keys were not fully accounted for, Defendants' failures to remedy those situations would still be more properly characterized as omissions or failures to act. This court has indicated that a "failure to act is not an affirmative act under the state-created danger theory." *Cartwright*, 336 F.3d at 493.

2.      Deliberate Indifference[2]

Even if some of the remaining acts described by Plaintiff were affirmative acts, she must still prove that Defendants acted with deliberate indifference. She can not meet this very high burden of proving that "the state knew or should have known that its actions specifically endangered the plaintiff." *Cartwright*, 336 F.3d at 493 (citing *Kallstrom*, 136 F.3d at 1066). This court has previously held that to prove this last element of a state-created danger claim, a plaintiff must show deliberate indifference to the danger created by a defendant's affirmative act, rather than merely

---

[1] Chains were not permitted because they would prevent or delay access when elderly tenants required assistance.

[2] Because the deliberate indifference prong is determinative of Appellant's claim, we decline to address whether Appellant satisfies the second "special danger" prong of the state-created danger test.

4

proving negligence. *Sargi*, 70 F.3d at 912*; Ewolski v. City of Brunswick*, 287 F.3d 492, 510-11 (6th Cir. 2002). Even a showing of gross negligence will not suffice to meet a Plaintiff's burden in these types of cases. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994). Rather, deliberate indifference is the appropriate standard when "circumstances allowed the state actors time to fully consider the potential consequences of their conduct." *Ewolski*, 287 F.3d at 510 (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 373 (9th Cir. 1998)).

The IHRC received the HUD directive to remove the deadbolt locks and then had to implement that directive, meaning that it had ample opportunity to consider the ramifications of the directive before implementing it. In addition, the record does not indicate that maintaining control over master keys and resident lists was an especially taxing or time-sensitive task. Thus, deliberate indifference is the appropriate standard in this case.

Deliberate indifference, in this context, is akin to subjective recklessness "and requires the § 1983 plaintiff to show that the state 'official knows of and disregards an excessive risk to [the victim's] health or safety.'" *Ewolski*, 287 F.3d at 513 (footnote omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994))*; Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 493 (6th Cir. 2002). "Pursuant to this definition, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Sperle,* 297 F.3d at 493 (quoting *Farmer,* 511 U.S. at 837); *Bukowski v. City of Akron*, 326 F.3d 702, 711 (6th Cir. 2003). Therefore, to create a triable issue of fact, Appellant must present evidence that the state actors "knew or should have known that [their] actions specifically endangered the plaintiff" and that those actions occurred in disregard to Appellant's health or safety. *Cartwright*, 336 F.3d at 493; *Sperle*, 297 F.3d at 493.

Appellant presented no evidence that would satisfy such a high standard. While this court might agree that removing the deadbolt before accounting for all master keys could constitute a negligent act, the deadbolt was removed at the direction of HUD to aid the IHRC in assisting its elderly residents in case of an emergency. Obviously, on the whole, the IHRC was attempting to decrease, rather than enhance, the level of danger to its elderly residents. In addition, while Plaintiff presented evidence that the City of Inkster, in general, has a high crime rate, Plaintiff presented no evidence that other crimes of a similar nature had previously occurred in the building or anywhere in the public housing complex that would make the IHRC aware of the potential for an assault such as Plaintiff suffered. Finally, none of the other acts that Plaintiff identified were undertaken with the requisite level of indifference. Because Appellant cannot prove that Defendants acted with deliberate indifference, the district court properly granted Defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court.

6